**Cynthia C. HARDY, Plaintiff–Appellant,**

v.

**FLOYD MEMORIAL HOSPITAL, Defendant–Appellee.**

No. 02–1322.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 18, 2002.

Decided Dec. 20, 2002.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

### Order

Two long-term, highly regarded employees–Cynthia Hardy and Lonnie Hoskins–supervised parts of the laboratory and testing operations at Floyd Memorial Hospital. Reductions in income from federal programs led the Hospital to eliminate 30 positions. Both Hardy and Hoskins were retained, but the restructuring affected them because the Hospital decided to appoint one as the sole supervisor of the lab during the main shift and move the other to become the supervisor of the second shift (3 P.M. to 11 P.M.). The Hospital assigned Hardy to supervise the second shift (with no loss of title or pay). She refused that position, landed in a lower-paying non-supervisory job on the first shift, and brought this suit contending that the proposed transfer was on account of her sex and so violated Title VII of the Civil Rights Act of 1964. The district judge granted summary judgment to the Hospital, ruling first that the change of shifts was not an adverse employment action and second that, even if the transfer was adverse, no reasonable jury could deem the Hospital's reason a pretext for discrimination.

We affirm for substantially the reasons in the district judge's opinion. Many decisions, of which *Grube v. Lau Industries, Inc.*, 257 F.3d 723, 728–29 (7th Cir.2001), is a recent example, hold that a change of shift (without any reduction of status or pay) is not an adverse employment action. Title VII does not subject to federal litigation the routine managerial decisions essential to run a business.

Hardy could not benefit from an alteration in the legal approach of *Grube* and its predecessors. She concedes that the Hospital had financial problems and that consolidating the supervisory positions was sensible. She thinks that Hoskins should have been moved to the second shift instead of her. Yet what she says about herself is true of Hoskins: *both* were well regarded supervisors with more than 20 years' service. If moving her was sex discrimination, then moving Hoskins equally would have been sex discrimination–for she has no evidence of discrimination other than the fact that a comparable male retained the preferred shift. If Hoskins had been assigned to the second shift, he could have said the same thing: a comparable woman kept the first shift. Yet it cannot be that when an employer consolidates positions it *must* be discriminating against someone.

According to the Hospital, Hardy was assigned to the second shift because Hoskins had supervised a larger and more technically challenging portion of the lab, so that his expertise was relatively harder to replace or duplicate. Hoskins had less learning to do, in order to take over Hardy's functions during the day (when the

lab is busiest and problems are most likely to arise), than Hardy would have had to do to take over from Hoskins. That may be right or wrong but is unrelated to sex and therefore cannot be condemned under Title VII.

AFFIRMED